## UNITED STATES v. DROSSNER et al.

### No. 10004.

United States Court of Appeals
Third Circuit.

Argued Dec. 8, 1949.

Decided Jan. 16, 1950.

Thorn Lord, Trenton, N. J., for appellant.

Steward B. Rounds, Asst. U. S. Atty., Newark, N. J. (Alfred E. Modarelli, U. S. Atty., Newark, N. J., on the brief), for appellee.

Before BIGGS, Chief Judge, and O'CONNELL and KALODNER, Circuit Judges.

BIGGS, Chief Judge.

In this case a grand jury of the United States District Court for the District of New Jersey indicted Isaacson and Drossner for receiving from two soldiers sugar stolen from the United States Army and concealing it and also for conspiracy based upon the substantive violations referred to. The sum of $2282 in cash given to the soldiers for the sugar was seized on their persons and was delivered to agents of the Federal Bureau of Investigation. The cash was held by the latter pending the trial of Isaacson and Drossner. At the trial the money apparently was used as evidence. Isaacson and Drossner were found not guilty. After the trial the money was delivered to the then United States Attorney who gave it to the clerk of the court below for deposit in the registry of the court, purportedly pursuant to Section 570 of old Title 18, United States Code, now 18 U.S.C.A. § 3612. The United States Attorney in making the deposit designated the cash as "bribe" money in accordance with the terms of the statute cited. The cash was deposit-

510

ed by the clerk of the court in the official registry but later was transferred to a registry fund checking account in the name of the clerk and the "Department of the Treasury of the United States".

The appellant, Mrs. Drossner, asserts in her brief that Isaacson and Drossner " * * acting on behalf of Holly Beverage Company, owned by Miriam Drossner, * * * purchased with funds belonging to Holly Beverage Company from * * * Stephenson and * * * Mobbs, U. S. Army personnel, sugar stolen from the U. S. Army." This is uncontradicted by the appellee and we will accept it. A stipulation of facts states in part, "No evidence was produced at * * * [the] trial [of Isaacson and Drossner] of any knowledge whatever on the part of said Miriam Drossner, proprietor of said Holly Beverage Company, of the identity of said * * * Stephenson and * * * Mobbs, or either of them, nor of the transactions involved in the purchase of said sugar, and no evidence touching on the implication or knowledge on the part of Miriam Drossner in the purchase of said sugar, or in the price paid for same, was produced at * * * [the] trial, nor is any evidence of same available to the government."

Mrs. Drossner filed a petition pursuant to Section 852 of old Title 28 U.S.C., now Section 2042 of the Judicial Code of 1948, 28 U.S.C.A., to cause the money to be returned to her. The court below held that the funds had become "tainted by the illegality of the transaction in which they were involved" and that for this reason Mrs. Drossner "is not entitled to invoke the aid of the court in the recovery of the funds". The court below expressly found that the money was not "bribe" money.

In our view it is not necessary to discuss the federal statutes hereinbefore referred to for the instant case is ruled by our decision in United States v. Rice, 176 F.2d 373, 375. We said there: " * * * we know of no theory, and none has been suggested to us, whereby the registry of the United States district court may be made a depository for money used in evidence. * * * A United States district court is a court of limited jurisdiction and possesses only those powers which are conferred on it by statute under Article III of the Constitution. * * * It cannot assume jurisdiction".

There was pending no justiciable controversy respecting the $2282 or the chose in action which represents it. The court below, through its clerk, is without power to retain the money as it was without power to receive it. Accordingly, the order of the District Court must be vacated and the clerk may then return the $2282 to the present United States Attorney who may make such disposition of it as he may see fit subject to the direction of the Attorney General and without the interposition of the court below. The District Court may make such orders as are necessary to effect the foregoing.

An order will be entered in accordance with this opinion.

Judge O'CONNELL heard the argument and participated in the consideration of this case but died before the opinion was filed.